# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEVEN IRWIN, a single man,<br><br>Plaintiff,<br><br>vs.<br><br>TACOMA GOODWILL INDUSTRIES,<br>a non-profit, public benefit corporation,<br><br>Defendant. | No. CV-06-3024-EFS<br><br>AGREED PROTECTIVE ORDER |

This matter having come before the Court upon the Parties' Joint Motion For a Protective Order (Ct. Rec. 21), and good cause being shown, it is hereby ORDERED that a Protective Order shall be issued in accordance with Civil Rule 26(c). It is further ORDERED that:

This Order shall govern the designation, production, handling, and treatment of, as well as the provision of access to the public, of all confidential documents and information obtained or observed by the parties or their agents which are confidential pursuant to state or federal law and which are obtained or observed as a result of or in the course of this litigation. The purpose of this Order is to protect proprietary

AGREED PROTECTIVE ORDER - 1
CV-06-3024-EFS

CENTER FOR JUSTICE
35 W Main Ave. #300
Spokane, WA 99201
509.835.5211

information and trade secrets and the privacy of the individuals whose confidential information is sought in discovery or will be used at trial.

### Definitions

1.  "Confidential Information" includes information that is confidential, proprietary or a trade secret. "Confidential Information" may include personnel information, information about persons with disabilities, medical or healthcare information, personal financial information, non-public business information and other information that constitutes a trade secret.

2.  The terms "Counsel" or "Attorney" means counsel of record for the parties of this action.

3.  The term "Designating Person" shall mean a Person who produces information and designates it as Confidential Information.

4.  The term "Receiving Person" shall mean a person who has access to Confidential Information.

5.  The term "Qualified Person" shall mean:

    a.  The attorneys for the parties, their legal assistants, and members of their support staffs.

AGREED PROTECTIVE ORDER - 2
CV-06-3024-EFS

CENTER FOR JUSTICE
35 W Main Ave. #300
Spokane, WA 99201
509.835.5211

b.  The Judge assigned to and/or presiding over this lawsuit and members of the Court's legal and support staff and the jury.

c.  Any independent expert who is retained or consulted by counsel solely for the purpose of assisting in this action.

d.  Any other person who is designated as a "Qualified Person" by order of the Court or by written agreement of the parties pursuant to the provisions of this Order.

## Use of Confidential Material

6.  Confidential records shall be used solely for the purpose of conducting this litigation, Cause No. CV-06-3024-EFS, unless the person who is the subject of such confidential material, or that person's legal guardian, if applicable, authorizes its use for any other particular purpose.  Confidential information shall be disclosed only to Qualified Persons.  Except for disclosure to court personnel described in Paragraph 5b and governed by Local Rule 10.1(j), disclosure to a Qualified Person will occur only after such Person has been provided with a copy of this Protective Order and such Person has agreed in writing to abide by and comply with the terms and provisions of this Protective Order.  A party may, subject to the rules of evidence and order of the Court, use any confidential information for any purposes at trial or at any hearing before a judicial officer in the above entitled action.  Any confidential information used in any court

AGREED PROTECTIVE ORDER - 3
CV-06-3024-EFS

CENTER FOR JUSTICE
35 W Main Ave. #300
Spokane, WA 99201
509.835.5211

proceeding shall not lose its confidential status through such use, unless the Court orders otherwise.

7. Nothing in this Order shall prevent any person from making use of any information that is designated as Confidential Information if such information:

    a.    was lawfully in his or her possession prior to receipt under the provisions of this Order;

    b.    was or becomes available to the public through no fault of the Receiving Person;

    c.    was or is obtained from a source not under an obligation of secrecy to the Designating Person; or

    d.    is exempted from the operation of this Order by written consent of the Designating Person.

  8. If any person challenges the designation or any information as Confidential Information, such information shall nevertheless be treated as Confidential Information within the provisions of this Order until such designation is removed by order of the Court or written consent of the Designating Person.

///

AGREED PROTECTIVE ORDER - 4
CV-06-3024-EFS

CENTER FOR JUSTICE
35 W Main Ave. #300
Spokane, WA 99201
509.835.5211

**Disclosure of Confidential Information**

9.  A document that contains or reveals Confidential Information may be shown to any person indicated in such document to be its originator, author or recipient.

10. A document that contains or reveals Confidential Information may be copied by an independent commercial copying service, and an exhibit based upon such a document may be prepared by an independent printer or illustrator.

11. Confidential Information may be disclosed to stenographic and/or videographic reporters, official court reporters, and their assistants who are engaged in such proceedings as are necessary for the preparation and trial of this action.

12. Nothing in this Order shall prevent disclosure of Confidential Information if the Designating Person consents to such disclosure or if the Court, after notice to all parties, orders such disclosure.

13. Should any confidential information be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Protective Order, then the disclosing person(s) shall promptly: (a) identify the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s); and (b) use best efforts to bind the recipients to the terms of this Protective Order. No information shall lose its

AGREED PROTECTIVE ORDER - 5
CV-06-3024-EFS

CENTER FOR JUSTICE
35 W Main Ave. #300
Spokane, WA 99201
509.835.5211

confidential status because of its disclosure to a person not authorized to receive it under this Protective Order.

### Identification and Marking of Confidential Information

14. Upon agreement to the terms of this Order by the parties, as evidenced by execution of the Order by counsel, any document or tangible thing that contains or reveals Confidential Information shall be labeled "CONFIDENTIAL." Such marking shall appear on each page of the document that contains Confidential Information. Any document or other tangible thing so labeled shall be treated in accordance with the provisions of this Order. Any Confidential Information not reduced to documentary or physical form shall be designated by serving a written notification upon the Receiving Person.

15. When a party initially produces documents for inspection, no marking need be made by the producing party in advance of the inspection. For purposes of the inspection, all documents shall be treated as containing Confidential Information, and only counsel shall be present to inspect such documents. After the Receiving Person selects documents for copying, the Designating Person may appropriately mark the copies of the selected documents as Confidential Information before they are provided to the Receiving Person.

AGREED PROTECTIVE ORDER - 6
CV-06-3024-EFS

CENTER FOR JUSTICE
35 W Main Ave. #300
Spokane, WA 99201
509.835.5211

16. Information disclosed at the deposition of a party or one of its present or former officers, directors, employees, agents or consultants, may be designated Confidential Information by serving a written notification on each party within 10 days of receipt of the transcript by counsel for the Designating Person, or within 10 days of entry of this Order, whichever is later. For depositions taken after entry of this Order, counsel shall first indicate before the conclusion of the deposition that the deposition contains Confidential Information. Written notification designating Confidential Information shall identify the specific pages and lines of the transcript that contain confidential information. A copy of such notification shall be provided to each party and attached to the face of the transcript and each copy of the transcript. If counsel indicates before the conclusion of a deposition that the deposition contains Confidential Information, all information disclosed during a deposition shall be treated as Confidential Information for 10 days after a transcript of the deposition is received by counsel for each of the parties.

### Challenges to the Designation of Confidential Information

17. In the event a party disagrees at any time with a designation, the party shall make a good-faith attempt to resolve the dispute on an informal basis. If the parties cannot resolve the dispute, the objecting party may seek appropriate relief from the Court.

AGREED PROTECTIVE ORDER - 7
CV-06-3024-EFS

CENTER FOR JUSTICE
35 W Main Ave. #300
Spokane, WA 99201
509.835.5211

18. The Court Clerk is directed to maintain under seal any pleading or other paper filed with the Court that has been designated, in whole or in part, as containing or revealing Confidential Information. Only the Confidential Information will be filed under seal. The pleadings, motions, affidavits, declarations, deposition transcripts, briefs, or other documents filed with the Court will not be filed under seal.

19. In the event a party wishes to use any Confidential Information in any pleading or other paper filed with the Court, the party shall observe Local Rule 10.1 (j) Policy on Privacy and Public Access to Electronic Case Files and include the following legend: "CONFIDENTIAL INFORMATION; FILED PURSUANT TO PROTECTIVE ORDER."

### Advice to Client

20. Nothing in this Order shall bar or otherwise restrict an attorney from rendering advice to his or her client.

### Preservation of Rights and Privileges

21. Nothing contained in this Protective Order shall (1) affect the right of any party or witness to make any other type of objection or claim or (2) diminish the Washington Protection and Advocacy System's federal access rights under 42 U.S.C. § 10801, et seq.; as amended; 42 U.S.C. § 15041, et seq. and the regulations promulgated thereto.

AGREED PROTECTIVE ORDER - 8
CV-06-3024-EFS

CENTER FOR JUSTICE
35 W Main Ave. #300
Spokane, WA 99201
509.835.5211

### Termination of Lawsuit

22. Within 90 days after the termination of this lawsuit, each document and other tangible thing that contains or reveals Confidential Information, and any copies, abstracts, or summaries, shall either be (a) returned to the attorney of record for the producing party or (b) destroyed with a representation of such destruction being made to the attorney of record for the producing party. Any portion of the official record that contains Confidential Information shall be exempt from this provision. As to those materials which contain confidential information, but constitute or reflect counsel's work product, all such work product and all copies shall either be destroyed or retained by counsel in a secure place, subject to this Protective Order.

23. This Protective Order shall remain in full force and effect until modified, superseded, or terminated by consent of the parties or by Order of this Court made upon reasonable written request.

DATED this _____ day of _____, 2006.

                CENTER FOR JUSTICE

                By: /s/ Andrea Poplawski on
                    Andrea Poplawski, WSBA #32246
                    Attorneys for Plaintiff

AGREED PROTECTIVE ORDER - 9  
CV-06-3024-EFS

CENTER FOR JUSTICE  
35 W Main Ave. #300  
Spokane, WA 99201  
509.835.5211

By: /s/ Breean L. Beggs on
    Breean L. Beggs, WSBA #20795
    Attorneys for Plaintiff

WASHINGTON PROTECTION & ADVOCACY SYSTEM

By: /s/ Deborah A. Dorfman on
    Deborah A. Dorfman, WSBA #23823
    Attorneys for Plaintiff

By: /s/ Michael J. Smith on
    Michael J. Smith, WSBA #14111
    Attorneys for Plaintiff

GORDON, THOMAS, HONEYWELL, MALANCA, PETERSON & DAHEIM LLP

By: /s/ Warren E. Martin on
    Warren E. Martin, WSBA No. 17235
    wmartin@gth-law.com
    Attorneys for Defendant

The Joint Motion for Protective Order by all parties (**Ct. Rec. 21**) is **GRANTED**.

**ORDER ENTERED** this 26th day of February, 2007.

    s/ Edward F. Shea
    EDWARD F. SHEA
    UNITED STATES DISTRICT COURT JUDGE

AGREED PROTECTIVE ORDER - 10
CV-06-3024-EFS

CENTER FOR JUSTICE
35 W Main Ave. #300
Spokane, WA 99201
509.835.5211

1  Presented by:
   CENTER FOR JUSTICE
2

3  By: /s/ Andrea Poplawski on
       Andrea Poplawski, WSBA #32246
4      Attorneys for Plaintiff

5

6  By: /s/ Breean L. Beggs on
        Breean L. Beggs, WSBA #20795

7  Attorneys for Plaintiff

8

   Copy Received; Approved as to Form; Notice
9  of Presentation Waived:

10 WASHINGTON PROTECTION & ADVOCACY
   SYSTEM
11

12 _____
   Michael J. Smith
13 Washington Protection & Advocacy System
   Attorney for Plaintiff
14 Telephone: (206) 324-1521
   Fax: (206) 957-0729
15

16

17 By: /s/ Deborah A. Dorfman on
       Deborah A. Dorfman, WSBA #23823
18     Attorneys for Plaintiff

19 By: /s/ Warren E. Martin on
       warren E. Martin, WSBA No. 17235
20     wmartin@gth-law.com
       Attorneys for Defendant
21

AGREED PROTECTIVE ORDER - 11
CV-06-3024-EFS